**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VIGILANT INSURANCE CO., a/s/o**<br>**WILLIAMS & CONNOLLY, L.L.P,**<br>        **Plaintiff,**<br><br>        **v.**<br><br>**EEMAX, INC. and PVI INDUSTRIES,**<br>**L.L.C.,**<br>        **Defendants.**<br><br>**EEMAX, INC.,**<br>        **Third-Party Plaintiff,**<br><br>        **v.**<br><br>**GENERAL ELECTRIC COMPANY** *et*<br>*al.,*<br>        **Third-Party Defendants.** | **Civil Action No.  02-1825 (JMF)** |

**MEMORANDUM ORDER**

This case is before the court upon consent of the parties to trial before a United States

Magistrate Judge.  Currently ripe and ready for resolution is General Electric's Motion for

Attorneys' Fees ("Mot.").  For the reasons stated herein, the motion is granted in part and denied

in part.

I.      **BACKGROUND**

On June 9, 2004, this court issued a Memorandum Opinion and Order granting in part

and denying in part EEMAX's Motion for Extension of Time to Designate Liability Experts.  In

that opinion, I stated:

> [B]ecause of the unnecessary delay, disruption, and expense
> EEMAX has caused, I will grant GE reasonable attorney's fees that
> it had to expend in litigating this matter.  Specifically, GE may
> seek attorney's fees for its costs in: 1) responding to EEMAX's
> Motion for Extension of Time to Designate Liability Experts or, in
> the Alternative, Motion for Continuance; 2) preparing for and
> attending the hearing held before me on April 2, 2004; and 3)
> preparing and submitting briefs in response to my order of April 5,
> 2004.

Memorandum Opinion, June 9, 2004, at 10-11.

In response to this opinion, GE submitted a request for attorney's fees to EEMAX, but

EEMAX refused to pay them because they seemed "unreasonably high." Mot., Ex. B.  Unable to

work out their dispute, GE filed a motion for attorney's fees, claiming that its fee request of

$44,626.80 was "very reasonable in view of the effort required to properly brief the matters at

issue." Mot. at 2.  I have reviewed GE's fee request, time records, and the corresponding

pleadings, and I find $44,626.80–an amount that, for many people, represents a full year's salary–

is unreasonably high.  I have, therefore, reduced the fees to a reasonable amount for each of the

tasks involved.  As a result of these reductions, I will order EEMAX to pay GE $15,457.50

within ten days of this Memorandum Order.[1]

## II.    DISCUSSION

### A.    Overview

As I have stated in previous opinions, there are several principles that help guide the

court's analysis in determining whether attorney's fees are reasonable or unreasonable.  First, the

court must look at the legal issues and factual analysis involved because, generally speaking, the

---

[1] I have included, as an appendix, a spreadsheet that documents the fees GE sought and
the fees that the court will award.

2

more complicated they are, the more time attorneys may reasonably spend addressing them.

However, it is inappropriate for the court to award payment at the highest rates when the work

could have or should have been done at a lower level.  In addition, the court must take into

consideration the layers of review that are built into any law firm.  It is reasonable to expect that,

where the legal issues and factual analysis are fairly straightforward, lower-level associates must

have the laboring oar, and senior-level associates or partners must function in a supervisory

capacity.  When the reverse is true, that is, when the issues are complex, the most senior

attorneys ought to perform the majority of the work because they have the most experience and

can accomplish the tasks much more efficiently.  Indeed, as I have previously stated, the court

> must guard against two dangers that are mirror images of each
> other; insufficient or excessive delegation.  Insufficient delegation
> means that experienced lawyers are performing tasks well beneath
> them.  Clients will not pay $350 for a lawyer to stand over a xerox
> machine; their opponents should not have to, either.  On the other
> hand, inexperienced lawyers, although they bill at a lower rate, may
> burn up many hours doing tasks that their seniors could have
> accomplished more efficiently and cheaply.

Mitchell v. National R.R. Passenger Corp., 217 F.R.D. 53, 58 (D.D.C. 2003).  In light of these

principles, I have compared the time sheets submitted by each lawyer with the documents

produced or hearing attended.

### B.      Fees Incurred During Each Task

#### 1.      Responding to EEMAX's Motion

GE submitted time sheets reflecting a total of 17.8 hours at the cost of $7,142.40 for

responding to EEMAX's motion to extend the discovery deadline for liability experts.  This work

was performed by a senior-level associate and two partners, each at different firms.  The records

reflect that, when their time is added together, the partners did almost double the work of the associate.

A review of the docket indicates that GE attorneys wrote a six-page opposition, filed a three-page motion for leave to submit two affidavits, and secured two affidavits from GE's consulting expert and his son.  In GE's opposition, GE recounted the basic procedural and discovery history of the case but cited no legal authorities.  While GE did secure two affidavits, both are short and uncomplicated.  In this situation, where the work involved was straightforward, I find that it should have been done primarily by an associate and reviewed by one partner.  Accordingly, the court will award fees to compensate GE for six hours of associate time and two hours of partner time, for a total of $2,925.

2.      Preparing for and Attending the April 2, 2004 Hearing

GE submitted time sheets reflecting a total of 19.9 hours at a cost of $8,333.05.  The lead attorney spent 11.5 hours preparing for and attending the hearing, which lasted slightly more than one hour.  A partner in another firm, who did not speak at the hearing except to introduce himself, billed 4.1 hours in preparation and attendance time, and an associate who did not even attend the hearing billed 4.3 hours.

The hearing was held to address issues raised in EEMAX's motion for extension of time to designate liability experts and the pleadings filed in response to it.  Accordingly, all of the time spent preparing an opposition to EEMAX's motion served a double purpose: responding to EEMAX's motion and preparing for the hearing on the motion.  In light of the fact that the hearing lasted a little more than one hour and addressed one specific issue, which had already been fully briefed, I will award compensation for four billable hours (for preparation, travel, and

attendance) at the partner's billing rate, for a total of $1,908.

3.      Preparing and Submitting Supplemental Briefs

After the April 2 hearing, I ordered the parties to brief the issue of whether the remedy GE sought in its opposition and at the hearing was disproportionate to the wrong claimed to have been done. I also directed the parties to focus on two specific cases.

GE submitted a twenty-three page supplemental brief (exclusive of declarations and exhibits) and a five-page reply. GE's time records reflect that five attorneys worked on the initial supplemental brief for a total of 65.1 hours at a cost of $23,835.75. Four attorneys worked on the reply brief for a total of 12.2 hours at a cost of $4,766.35. Thus, GE seeks compensation at a rate of approximately $1000 per page.

To submit proper briefs, GE attorneys conducted a full review of the record, but, as explained above, they were already familiar with it based on their preparation for the hearing and their prior pleadings. The briefs also contained legal analysis, but the issues were not so complicated to warrant attorneys spending the equivalent of two work weeks on these submissions. In addition, the time sheets indicate, but do not explain, why four or five attorneys were working on the same pleadings. In fact, it seems that much of the work was duplicative.

In the court's opinion, the reasonable amount to award GE, given the nature of documents produced, is $10,624.50. That amount compensates GE for two-and-a-half full working days of associate time and more than one full working day of partner time.

## III.     CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that General Electric's Motion for Attorneys' Fees is **GRANTED in part and DENIED in part**. It is further **ORDERED** that,

5

within ten days of this Order, EEMAX pay GE a total of $15,457.50.

**SO ORDERED.**

_____

JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated:

**APPENDIX**

**RESPONDING TO EEMAX's MOTION FOR EXTENSION OF TIME TO DESIGNATE LIABILITY EXPERTS OR, IN THE ALTERNATIVE, MOTION FOR CONTINUANCE**

**GE'S REQUEST** = **$7,142.40**

| ATTORNEY | DATE | SUBTASK | HOURS | RATE | FEE |
|---|---|---|---|---|---|
| Schissel Arnold & Porter Partner | 1/22/04 – 1/27/04 | Review EEMAX's motion and prepare/ review/edit opposition (as well as affidavits in support thereof) | 8.2 | $477/hr | $3911.40 |
| Miller Arnold & Porter Associate | 1/26/04 – 2/4/04 | Review EEMAX's motion and prepare/ review/edit opposition (as well as affidavits in support thereof) | 6.0 | $328.50/hr | $1971 |
| Corcoran Wiley Rein & Fielding Partner | 1/23/04 – 1/27/04 | Review EEMAX's motion and strategy call re: opposition to brief | 3.6 | $350/hr | $1260 |

**FEES AWARDED BY THE COURT = $2,925**

| ATTORNEY | | | HOURS | RATE | FEE |
|---|---|---|---|---|---|
| Partner | | | 2 | $477/hr | $954 |
| Associate | | | 6 | $328.50/hr | $1971 |

**PREPARING FOR AND ATTENDING APRIL 2, 2004 HEARING**

**GE'S REQUEST = $8,333.05**

| ATTORNEY | DATE | SUBTASK | HOURS | RATE | FEE |
|---|---|---|---|---|---|
| Schissel<br>Arnold & Porter<br>Partner | 4/1/04 | Review papers, prepare for hearing, attend hearing, and follow-up | 11.5 | $477/hr | $5485.50 |
| Miller<br>Arnold & Porter<br>Associate | 3/31/04 – 4/2/04 | Review papers, prepare for hearing, follow-up | 4.3 | $328.50/hr | $1412.55 |
| Corcoran<br>Wiley Rein & Fielding<br>Partner | 4/2/04 | Prepare for and attend hearing, report to client | 4.1 | $350/hr | $1435 |

**FEES AWARDED BY THE COURT = $1,908**

| ATTORNEY | | | HOURS | RATE | FEE |
|---|---|---|---|---|---|
| Partner | | | 4 | $477/hr | $1908 |

**PREPARING BRIEFS IN RESPONSE TO APRIL 5, 2004 ORDER**

**GE'S REQUEST = $ 28,602.10**

| ATTORNEY | DATE | SUBTASK | HOURS | RATE | FEE |
|---|---|---|---|---|---|
| Schissel<br>Arnold & Porter, Partner | 4/6/04 – 4/16/04 | Prepare/review/edit supplemental brief | 12.8 | $477/hr | $6105.60 |
| Miller<br>Arnold & Porter, Associate | 4/5/04 – 4/16/04 | Prepare/review/edit supplemental brief | 37.9[2] | $328.50/hr | $12450.15 |
| Francis<br>Arnold & Porter, Associate | 4/6/04 – 4/15/04 | Research and cite check supplemental brief | 18.5 | $198/hr | $3663 |
| Corcoran<br>Wiley Rein & Fielding, Partner | 4/16/04 | Review and revise supplemental brief | 3.1 | $350/hr | $1085 |
| Haywood<br>Wiley Rein & Fielding, Attorney | 4/16/04 | Finalize, file, and serve supplemental brief | 2.8 | $190/hr | $532 |
| Schissel<br>Arnold & Porter, Partner | 4/26/04 | Review EEMAX's response to supplemental brief and prepare reply | 5.3 | $477/hr | $2528.10 |
| Miller<br>Arnold & Porter, Associate | 4/26/04 – 5/3/04 | Review EEMAX's response to supplemental brief and prepare reply | 4.5 | $328.50/hr | $1478.25 |
| Corcoran<br>Wiley Rein & Fielding, Partner | 4/26/04 | Review EEMAX's response to supplemental brief and prepare reply | 1.9[3] | $350/hr | $665 |
| Haywood<br>Wiley Rein & Fielding, Attorney | 4/27/04 | Review EEMAX's response to supplemental brief and contact co-counsel | 0.5 | $190/hr | $95 |

---

[2]  The court subtracted 0.5 hours from the request because work supposedly done on the supplemental brief was performed *after* the supplemental brief was filed.

[3] The court subtracted 1.1 hours of Corcoran's time because it was spent on an unrelated task.

**FEES AWARDED BY THE COURT = $10,624.5**

| ATTORNEY | | | HOURS | RATE | FEE |
|---|---|---|---|---|---|
| Partner | | Prepare/review/edit supplemental brief | 8 | $477/hr | $3816 |
| Associate | | Prepare/review/edit supplemental brief | 16 | $328.50/hr | $5256 |
| Partner | | Review EEMAX's response to supplemental brief and prepare reply | .5 | $477/hr | $238.5 |
| Associate | | Review EEMAX's response to supplemental brief and prepare reply | 4 | $328.50/hr | $1314 |